Thd opinion of the court was delivered by
Gibson, C. J.
It is objected, that the items on which it' is supposed there has been an overcharge, ought to have been specified in the notice.. This would require more to be done by the injured party, than might be in his power. He has paid a gro.ss sum, and may not have known how the justice intended to apportion it to the services. He might, it is true, have demanded a bill of costs, which would have shown the particular charges; but the justice might have refused it, and vye are not to, take for granted," that he would certainly have done his duty in this particular, for the very action is founded on the supposition of his being a wrongdoer. But waving all this, the notice is specific enough for every purpose of convenience, and the legislature never intended to re-, quire more. The justice was apprized of the sum, and the occasion on which it is alleged' to have been extorted; and this is sufficient to enable him to judge of the extent of the injury, and the propriety of tendering amends. All beyond this, lay more in the knowledge of. the justice, than any-one else: .and to exact more, would involve the injured party in a labyrinth of subtleties, which the legislature never intended to encourage.
The justice claims a right to charge the costs of a separate recognisance for each person bound, whether all. might have been included in one recognisance or not. There is no provision in the act of assembly particularly applicable to this part of the case; but analogous instances are not wanting, in which the legislature has evinced a general repugnance to the multiplying of official services, for the purpose of enhancing the costs.
It has thought proper to require a party to include the names of all his witnesses in one subpoena; and where a number are .accused of one offence, the Attorney General is required. to indict *81 them jointly.' There may be other instances which do riot at present occur to me. Now in a matter which is-altogether open to construction, we are to be governed implicitly by the spirit of legislation, evinced in parallel cases; and the more so, where this spirit has a decisively salutary tendency. Nothing is more liable to abuse than the right'which the law gives to' compensation for official services, and nothing requires to be more strictly guarded. To allow compensation for services which cost no trouble, having been rendered only theoretically, would be palpably unjust. The item of twenty-five cents for compromising the assault and battery, is manifestly wrong, the act of 1822 having reduced the former allowance to twelve and a half cents.
The penalty imposdd by this act may be incurred by exacting fees, which are supposed at the time to be legally demandable. By the very words of the prohibitory clause, the taking is the gist of the offence. Ignorance of the law will not excuse in any case; arid this principle is applicable,and with irresistible force, to the case of an officer selected for his capacity, and .in whom ignorarice is unpardonable. The very acceptance of thé office carries with it an assertion of a sufficient share of intelligence to enable the party to follow a guide provided for him, with an unusual attention to clearness and precision. On any other principle, a conviction would seldom take place, even in cases of the most flagrant abuse; for pretexts would never be wanting. Sound policy, therefore, requires that the officer should be held to act at his peril, and we are of opinion, that the absence of a corrupt motive, or the existence of an agreement by the party injured, furnishes no justification for doing what the law forbids.